IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAHEEM J. PASHA,  *

    Petitioner,  *

v.  *   Civ. No. DLB-23-1302

CRYSTAL CARTER, *Warden*,  *

    Respondent.  *

**MEMORANDUM OPINION**

    Faheem J. Pasha, a federal inmate proceeding without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming he is being held in custody in violation of the U.S. Constitution because an Indiana state-court detainer prevents his release from federal prison to a halfway house and his receipt of credits for a sentencing reduction under the First Step Act. ECF 1, 4. The respondent, the warden of Federal Correctional Institution, Cumberland ("FCI-Cumberland"), filed a motion to dismiss the petition or, in the alternative, for summary judgment.[1] ECF 9. Pasha filed an opposition. ECF 11. Having reviewed the petition, motion, and related filings, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; Loc. R. 105.6 (D. Md. 2023). For the following reasons, the petition is dismissed without prejudice for failure to exhaust administrative remedies.

**I.    Background**

    On July 10, 2018, Pasha was sentenced to a period of incarceration by the U.S. District Court for the Northern District of Indiana, Case No. 3:18-cr-00022, for being a felon in possession

---

[1] The warden's name is "Crystal Carter," not "Cynthia Carter." The Clerk is directed to correct her name on the docket.

of one or more firearms and ammunition. ECF 4, at 2. He was committed to the custody of the Bureau of Prisons ("BOP"). *Id*. at 1. He is incarcerated at FCI-Cumberland.

On May 16, 2023, this Court received Pasha's two-sentence § 2241 petition. ECF 1. In it, Pasha asserted "he is being held in violation of the [U.S.] Constitution" but did not make any further allegations or request any specific relief other than the grant of his petition. *Id*. at 1. Pasha attached a copy of a *pro se* "Motion for fast and speedy trial and notice [Pasha] will be submitting a request to the prison for an Interstate Agreement on Detainers," which he says he submitted to the LaPorte Superior Court 4 in LaPorte County, Indiana. ECF 1-1, at 1. In the motion, Pasha argued that the "outstanding case" in that court was "harming [his] current term of incarceration," that he has asked his attorney in the case to resolve the charges, and that Pasha himself has tried to resolve the matter by contacting the prosecutor. *Id*. In the motion, Pasha also asserted his rights to a speedy trial and final disposition and asked the Indiana court to schedule trial and "not grant any further continuances." *Id*.

On June 29, 2023, Pasha supplemented his § 2241 petition. ECF 4. In it, Pasha insists he has "requested several times to go back to court" in his state case because, he alleges, there is a state-court detainer that prevents him from "be[ing] released to a halfway house or get[ting] First Step Act credits" while serving time in federal prison. *Id.* at 7. In his view, the alleged detainer is, in effect, depriving him of his liberty. *Id*. According to Pasha, his state-court counsel keeps asking for continuances without his consent. *Id*. He argues that the state case is "now in violation of the Interstate Agreement on [D]etainers Act 120 days speedy trial" provision. *Id*. The ultimate relief he seeks is release to a halfway house.

On August 28, 2023, the warden moved to dismiss the petition. ECF 9. The warden argues that Pasha failed to exhaust his administrative remedies because he has not availed himself of the

BOP remedy process.  ECF 9-1, at 8.  Alternatively, the warden contends this Court lacks subject-matter jurisdiction because the § 2241 petition is premised on the existence of a state-court detainer, and even though Indiana state charges are pending against Pasha, no detainer has been lodged in his state case.  *Id.* at 2, 10 & n.3.  The absence of a detainer, according to the warden, renders this case moot.  *Id.* at 10.  Even though there is no detainer, the warden advises that pending charges may make an inmate ineligible for release to a community corrections center (halfway house) if the charges "will likely lead to arrest, conviction, or confinement."  *Id.* at 10 n.3.

Pasha does not address the respondent's arguments concerning exhaustion of administrative remedies or mootness.  Instead, he contends that he should be granted habeas relief because his case presents "exceptional circumstances."  ECF 11, at 1.  He disagrees with the warden's assertion that prisoners with pending charges generally may not be released to community corrections centers, but he does not provide a basis for his belief.  *Id*.  He notes that people without lawful status in the United States who have pending charges may be released from BOP custody, and he raises for the first time an Equal Protection Clause claim that he should be afforded the same right to release.  *Id*.  Finally, Pasha asks the Court to "order the La[P]orte Superior Court to file a writ of habeas corpus [ad prosequendum] and/or release [Pasha] to a halfway house pending the outcome of said proceeding in the State of Indiana."  *Id*. at 2.

**II.     Subject-Matter Jurisdiction**

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute."  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian*

3

*Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  The party asserting jurisdiction bears the burden of establishing it.  *Id.*

A party may challenge subject-matter jurisdiction in two ways: a facial challenge, asserting that the complaint or petition fails to allege facts upon which jurisdiction can be based, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  The warden argues that the Court lacks subject-matter jurisdiction because, contrary to Pasha's allegations, there is no state-court detainer preventing his release to a halfway house, and therefore Pasha's claim is moot.  This is a factual challenge.  On a factual challenge, if the contested "jurisdictional facts are intertwined with the facts central to the merits of the dispute," a court "should ordinarily assume jurisdiction and proceed to the intertwined merits issue." *Kerns*, 585 F.3d at 193.  The jurisdictional facts—whether there is a state-court detainer—are intertwined with Pasha's claim that a detainer prevents his release to a halfway house.  Therefore, the Court proceeds to the merits.  *See id.*

**III.   Standard of Review**

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a party may seek dismissal of a complaint for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)).  To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When ruling on a Rule 12(b)(6) motion, the Court must accept

the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

## IV.     Exhaustion

The warden contends that Pasha's petition does not state a claim for relief because Pasha has not pled that he exhausted his administrative remedies. To be sure, there is no statutory exhaustion requirement for a § 2241 petition. However, "[a]s a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), and then quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). The BOP provides an administrative remedies process in 28 C.F.R. §§ 542.10–542.19. Pasha does not contend he exhausted these remedies. *See* ECF 1, 4, 11. Thus, the BOP has not been given an opportunity to review Pasha's claims and remedy them, if appropriate.

Pasha insists the Court should consider his petition now because there are exceptional circumstances "due to the fact that Laporte County, Indiana, refuses to obtain custody per writ of Habeas Corpus ad prosequendum." ECF 11, at 1 (citing *Bowen*, 306 U.S. at 27). In *Bowen*, the Supreme Court noted that exceptional circumstances include "those indicating a conflict between state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions." 306 U.S. at 27. Here, there is no such conflict on a question of law.

And Pasha has not identified, and the Court cannot discern, any other exceptional circumstances that would justify considering his petition before he exhausts his administrative remedies.

Therefore, the petition is dismissed for failure to exhaust administrative remedies.

## V. Conclusion

The respondent's motion to dismiss or, in the alternative, for summary judgment, ECF 9, treated as a motion to dismiss, IS GRANTED. The Court DISMISSES the petition, ECF 1, without prejudice for failure to exhaust administrative remedies. A separate order follows.

<u>March 8, 2024</u>  
Date

<u>                                         </u>  
Deborah L. Boardman  
United States District Judge